IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW JOSEPH LISCHKE, AIS#289232, )<br>      Plaintiff,                                                                 )<br>                                                                                         )<br>v.                                                                                    )<br>                                                                                         )<br>CYNTHIA STEWART, *et al*.,                                     )<br>      Defendants.                                                           ) | CIVIL ACTION 15-00646-KD-M |

**ORDER**

This matter is before the Court on Defendant Cynthia Stewart (Stewart)'s motion to dismiss (Doc. 18) and Plaintiff's Response (Doc. 26); and Defendant Anthony Stonewall (Stonewalls)'s motion to dismiss (Doc. 21) and Plaintiff's Response (Doc. 25).[1]

**I.      Background**

On December 21, 2015, Plaintiff prisoner Matthew Joseph Lischke (Plaintiff) initiated this action against Defendants Stewart and Stonewell (and other defendants) for: excessive force against Stonewall in violation of 42 U.S.C. § 1983 (Count one); excessive force and supervisory liability against Stewart in violation of 42 U.S.C. § 1983 (Count two); deliberate indifference to safety and failure to protect against Stewart in violation of 42 U.S.C. § 1983 (Count three); deliberate indifference to safety and failure to train and supervise against Stewart in violation of 42 U.S.C. § 1983 (Count four); deliberate indifference for failing to provide adequate medical care against all defendants in violation of 42 U.S.C. § 1983 (count five); deliberate indifference for failing to provide adequate medical care and supervisory and Monell liability against Iliff and

---

[1] While the briefing schedule provides for Defendants to file a Reply by May 26, 2016 (Doc. 20), in light of Plaintiff's non-opposition to Defendants' motion to dismiss, there is no need for additional briefing. Additionally, while Local Rule 7(b) require a brief to be submitted with a Rule 12(b) motion to dismiss, the Court excuses the lack of briefs accompanying the present motions under the circumstances.

Corizon in violation of 42 U.S.C. § 1983 (count six); deliberate indifference and failure to provide constitutionally adequate medical care against Iliff in violation of 42 U.S.C. § 1983 (count seven); state law medical negligence against Iliff and Corizon (count eight); and state law assault and battery against Stonewall (count nine).  (Docs. 1, 14 (amended)).

## II.   Standard of Review

Dismissal based on a statute of limitations defense "may be raised in a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint."  Foster v. Savannah Comm., 140 Fed. Appx. 905, 907 (11th Cir. 2005) (citing AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982)).  When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation; rather, a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.[2]  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## III.   Discussion

Plaintiff alleges four (4) counts against Defendant Stewart: Counts two, three, four, and five.  Plaintiff alleges three (3) counts against Defendant Stonewall: Counts one, five and nine.  Both Defendants Stewart and Stonewall move to dismiss all of the Plaintiff's Section 1983

---

[2] A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotations omitted)).

2

claims against them as time-barred under the applicable two (2) year statute of limitations. Additionally, Defendant Stonewall moves to dismiss Plaintiff's state law claim for assault and battery against him as time-barred under a two (2) year statute of limitations.

In response, Plaintiff concedes the applicability of the statute of limitations and agrees that his claims against these defendants are due to be dismissed, rendering the pending motions to dismiss unopposed. Specifically, Plaintiff asserts as follows as to Stewart:

> Counsel for Mr. Lischke has thoroughly reviewed Defendant Stewart's Motion and concedes that Stewart's affirmative defense based on the expiration of the two year statute of limitations is well taken. Specifically, Plaintiff concedes that all of his liability theories and claims stated against Stewart in the First Amended Complaint for excessive force and supervisory liability under 42 U.S.C. §1983 (Count Two); for deliberate indifference to safety: failure to protect under 42 U.S.C. §1983 (Count Three); for failure to train and supervise under 42 U.S.C. §1983 (Count Four) and for failure to provide adequate medical care under 42 U.S.C. §1983 (Count Five) fall outside of the two-year statute of limitations. Mr. Lischke concedes that Stewart's motion for seeking the dismissal of all of Plaintiff's claims against Stewart is due to be granted.

(Doc. 26 at 1-2). Plaintiff asserts similarly as to Stonewall:

> Counsel for Mr. Lischke has thoroughly reviewed Defendant Stonewall's Motion and concedes that Stonewall's assertion of the affirmative defense based on the expiration of the two year statute of limitations is well taken. Specifically, Plaintiff concedes that all of his liability theories and claims stated against Stonewall in the First Amended Complaint for excessive force liability under 42 U.S.C. §1983 (Count One); for deliberate indifference in denying Plaintiff access to medical care under 42 U.S.C. §1983 (Count Five); and for his State law allegations of assault and battery (Count Nine) fall outside of the two-year statute of limitations. Mr. Lischke concedes that Stonewall's motion for seeking the dismissal of all of Plaintiff's claims against Stonewall is due to be granted.

(Doc. 25 at 1-2).

In light of the foregoing, Defendants' respective motion to dismiss are **GRANTED.**

### IV. Conclusion

It is **ORDERED** that Defendant Cynthia Stewart (Stewart)'s motion to dismiss (Doc. 18) is **GRANTED;** and Defendant Anthony Stonewall (Stonewalls)'s motion to dismiss (Doc. 21) is

**GRANTED.** As such, Plaintiff's claims against these Defendants are **DISMISSED.**

Nothing in this Order impacts Plaintiff's claims against the remaining defendants.

**DONE** and **ORDERED** this **20th** day of **May 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**