IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW JOSEPH LISCHKE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 15-0646-KD-M |
| CYNTHIA STEWART, et al., | ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on Plaintiff Matthew Joseph Lischke's Motion to Dismiss Certain Counts in the Amended Complaint (doc. 34). Plaintiff moves the Court to voluntarily dismiss Counts Five, Six and Seven against the remaining Defendants Corizon, Inc. and Dr. Timothy Iliff.[1]

The Court of Appeals for the Eleventh Circuit has explained that when a plaintiff seeks to dismiss a claim against a defendant but not the entire cause of action, filing a motion to amend the complaint is the proper procedure. *See Campbell v. Altec Industries, Inc.,* 605 F. 3d 839, 841 (11th Cir. 2010) ("Our circuit precedent dictates that Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quoting *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting 8 Moore's Federal Practice § 41.21[2], at 41-32)) (internal quotation marks omitted). Accordingly, the Court construes the Plaintiff's Motion as a motion for leave to

---

[1] Counts One through Four, and part of Count Five alleging claims against Defendants Cynthia Stewart and Anthony Stonewall have been dismissed (doc. 27).

amend his complaint to eliminate Counts Five, Six and Seven.

Rule 15(a)(2) of the Federal Rules of Civil Procedure applies in this procedural posture. Therefore, Plaintiff "may amend" his "pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).   Since the opposing parties have not given their written consent, the Court looks to whether leave to amend should be granted.

In that regard, a "district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (brackets in original) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir.1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001). Also, the federal rules favor allowing amendments. *Dussouy v. Gulf Coast Investment Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").[2]

Upon review of the docket, the Court has not ascertained any substantial reason to deny

---

[2] Although *Dussuoy* was decided after September 30, 1981, the Court of Appeals for the Eleventh Circuit has treated *Dussuoy* as binding precedent. *Bank v. Pitt*, 928 F.2d 1108, 1112 n. 4 (11th Cir. 1991) (overruled on other grounds by *Wagner v. Daewoo Heavy Indus. America Corp.*, 314 F.3d 541 (11th Cir. 2002)).

the Motion. Moreover, the interests of justice indicate that the Motion should be granted. *See Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") Accordingly, Plaintiff's Motion is GRANTED and his Amended Complaint is deemed amended to eliminate Counts Five, Six and Seven.

Only the Plaintiff's state law medical negligence claim (Count Eight) remains pending before the Court. Jurisdiction over this claim was based on 28 U.S.C. § 1367, which provides the district court with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" However, the statute further provides that the Court may decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction" such as in this action. 28 U.S.C. § 1367(c)(3). In this circumstance, the Supreme Court has explained that

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant [now "supplemental"] state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50 (1988), (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [now supplemental] jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law

claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7 (bracketed text added). Importantly, in the Eleventh Circuit, the district courts have been instructed that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims[.]" *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984); *see also Gillentine v. Correctional Medical Services, Inc.*, 2016 WL 7325708, * 12 (N.D. Ala. Dec. 16, 2016) (declining the exercise of supplemental jurisdiction over state law claims when the district court had "dismissed all claims over which it has original jurisdiction.") (quoting 28 U.S.C. § 1367(c)(3)). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law medical negligence claim. Therefore, this action is dismissed without prejudice.

Plaintiff is reminded that pursuant to 28 U.S.C. § 1367(d), the statute of limitations applicable to Count Eight is tolled during the pendency of this action and for a period of thirty (30) days after dismissal.

**DONE** this 22nd day of December 2016.

              **s/ Kristi K. DuBose**
              **KRISTI K. DuBOSE**
              **UNITED STATES DISTRICT JUDGE**